UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

D-2 DESHON CATCHINGS,

      Defendant.
_____/

Case No. 12-cr-20372
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF
SENTENCING GUIDELINES (Dkt. 487)**

Defendant Deshon Catchings pleaded guilty to conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and structuring, 31 U.S.C. § 5324(a)(3). He was sentenced to a total of 151 months' imprisonment – 151 months on the conspiracy count, and sixty months on the structuring count, to run concurrently with the conspiracy. 3/8/2013 Judgment (Dkt. 145). Catchings filed the instant motion asking the Court to reduce his sentence from 151 months to 120 months. For the reasons that follow, Catchings' motion is denied.

When he was sentenced, Catchings' base offense level on the conspiracy count was 32. As set forth in the Presentence Investigation Report ("PSR"), the probation department recommended a two-level enhancement for possession of a firearm, a two-level enhancement for maintaining a premise for the purposes of manufacturing or distributing a controlled substance, and a two-level enhancement for his role in the offense, such that Catchings' adjusted offense level would be 38. The adjusted offense level on his structuring count was 18, resulting in a combined adjusted

1

offense level of 38. After accounting for downward departures for acceptance of responsibility, Catchings' total offense level was 35; with a criminal history category of II, his guideline range would be 188 to 235 months on the conspiracy count and sixty months, the statutory maximum, on the structuring count.

Judge O'Meara adopted the Presentence Investigation Report, and determined that Catchings' offense level was 35, his criminal history category was II, and his guideline range was 188 to 235 months. However, Catchings entered into a Rule 11(c) plea agreement with the Government, pursuant to which the Government agreed to recommend a sentence of 151 months. Plea Agreement at 6 (Dkt. 105). The Court accepted the plea agreement and imposed such sentence, acknowledging that it was below the advisory guideline range.

Catchings now argues that he is entitled to relief pursuant to 18 U.S.C. § 3582(c), which allows the court to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." Catchings points out that the Sentencing Commission retroactively reduced by two levels the offense levels assigned to certain drug quantities. As such, says Catchings, his base offense level on the conspiracy count should have been 30. He claims that this would result in a final offense level of 31 and a corresponding a guideline range of 121 to 151 months. Def. Mot. at 11.

The Government responds that Catchings' amended guideline range, after accounting for the drugs-minus-two amendment, would be 151 to 188 months. Gov't Resp. at 4. The Government argues that relief can only be granted pursuant to § 3582(c)(2) if it is consistent with applicable Sentencing Commission policy statements, and the Sentencing Guidelines prohibit the district

court from reducing a defendant's term below the minimum of the amended guideline range. Because Catchings' sentence is already at the minimum of the Guideline range, says the Government, the Court cannot lower it any further.

The Government is correct. Pursuant to § 3582,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statement provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Thus, Catchings' sentence cannot be reduced below the minimum of his new guideline range. Further, the Court is to substitute only the amended guideline range while "leav[ing] all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Catchings argues that his new range is 121-151 months, based on an offense level of 31. However, as discussed above, although the parties agreed to a lower sentence of 151 months, Judge O'Meara calculated Catchings' guideline range to be between 188-235 months, based on an offense level of 35 – and that guideline application decision must remain unaffected under U.S.S.G. § 1B1.10(b)(1) as the level from which the two-level deduction is made.

Catchings also argues that he is entitled to relief under Hughes v. United States, 138 S. Ct. 1765 (2018), but Hughes concerned how to determine whether a defendant's sentence is "based on" the Guidelines sentencing range. It did not discuss the policy statement prohibiting reduction below the minimum of the amended guideline range.

Thus, even with the downward adjustment for Amendment 782, Catchings' offense level of 33 warrants a sentence of 151-188 months under the Guidelines. Because the Court cannot reduce Catchings' term of imprisonment to one that is less than the minimum of the amended guideline range, it cannot reduce Catchings' sentence.

Accordingly, Defendant Catchings' motion for reduction of sentence (Dkt. 487) is denied.

SO ORDERED.

Dated: August 1, 2019  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge